THE STATE EX REL. WELO *v.* CUYAHOGA COUNTY BOARD OF ELECTIONS ET AL.

[Cite as *State ex rel. Welo* v. *Cuyahoga Cty. Bd. of Elections* (1993), 67 Ohio St.3d 434.]

(No. 93–1707—Submitted September 14, 1993—Decided September 17, 1993.)

*Anthony T. Malloy,* for relator.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, *Patrick J. Murphy* and *Michael P. Butler,* Assistant Prosecuting Attorneys, for respondent Cuyahoga County Board of Elections.

*William E. Blackie III,* Director of Law, and *Seeley, Savidge & Aussem Co., L.P.A.,* for respondent city of Westlake.

---

*Per Curiam.* Relator, Carol Welo, seeks a writ of mandamus to compel respondent Cuyahoga County Board of Elections ("board") to accept her nominating petition and certify her as a candidate for Westlake City Council at a primary election to be held September 21, 1993. Welo does not specify the relief she seeks from respondent city of Westlake.

Welo filed her petition on June 22, 1993 to run as councilperson for Ward 6. Her petition, however, did not account for Westlake Ordinance No. 1993–43, which had been passed as an emergency measure on March 5, 1993 to redefine the boundaries of her ward, among others. Specifically, the part of Ward 6 where Welo lived was added to Ward 4, with the dividing line falling along the rear of her property. As a result, Welo no longer lived in the ward she was attempting to represent and, after a hearing on August 3, 1993, the board of elections rejected her petition for this reason.

Welo argues that the board of elections has a clear duty to certify her candidacy because Ordinance No. 1993–43 is invalid, either because ward boundaries may not be changed by emergency legislation without three separate readings of the ordinance as required by the city charter, or because the ordinance does not state a reason for the emergency. We disagree.

Section 11, Article III of the Westlake Charter prevents changing the "boundaries of the Municipality" by emergency legislation, which plainly refers to the

city's border or perimeter, not to boundaries within that area. Moreover, Ordinance No. 1993–43 states that it was passed as an emergency measure to comply with Section 3(c), Article III of the charter, which requires redistricting of the municipal wards by the first city council meeting in March 1993. This explanation is sufficient.

Welo also argues that Ordinance No. 1993–43 is invalid because it does not divide wards along natural boundaries or street lines, as required by Section 3(c), Article III of the charter. Again, we disagree.

Section 3(c), Article III requires that wards follow natural boundaries and street lines "[w]herever practical," and further that wards be "compact and contiguous, with no more than five percent (5%) variation in population between them." We are not persuaded by the record that the instant wards could be redrawn without using lot lines, while still complying with these standards.

Accordingly, we hold that Welo has failed to show the duty necessary for a writ of mandamus to issue. The writ, therefore, is denied and the cause is dismissed.

*Writ denied.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, F.E. SWEENEY and PFEIFER, JJ., concur.

RESNICK, J., concurs in judgment only.